UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN BOURGEOIS
Plaintiff,

v. Case No. 2:26-cv-2359-KCD-NPM

PRISON GUARD JONE

Defendant.
_________________________________/

**ORDER**

Plaintiff Steven Bourgeois initiated this action by filing a *pro se* civil rights complaint. (Doc. 1.) Bourgeois is a prisoner at the Moore Haven Correctional Facility. After review of the pleadings, the Court dismisses this case under 28 U.S.C. § 1915(g) because Bourgeois did not pay the filing fee when he filed his complaint.

Under § 1915(g), a prisoner cannot proceed *in forma pauperis* if "on 3 or more prior occasions, while incarcerated or detained in any facility, [he] brought an action or appeal in a [federal court] . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) ("To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what

has become known as the three-strikes rule." (citation omitted).) And "[a] dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax*, 140 S. Ct. at 1727.

The Court takes judicial notice of six prior lawsuits brought by Bourgeois when he was confined in the Southern District of Florida that were dismissed for failing to state claim upon which relief may be granted: *Bourgeois v. Preston*, *et al.*, No. 14-CV-60716-ZLOCH; *Bourgeois v. Redden*, No. 14-CV-61495-DIMITROULEAS; *Bourgeois v. Jackson, et al.,* No. 14-CV-61552-ZLOCH; *Bourgeois v. Food Service Supervisor*, No. 14-CV-61595-COOKE; *Bourgeois v. Israel*, No. 14-CV-61596-MORENO; and *Bourgeois v. Richter, et al.*, No. 14-CV-61674-BLOOM. As Bourgeois has three or more qualifying dismissals, he is barred from proceeding *in forma pauperis* in this case unless he faces imminent danger of serious physical injury.

Bourgeois' complaint is not a model of clarity. He alleges that "a woman prison guard" has harassed him in the prison's hallway, but he attaches a grievance to the complaint in which he complains that he has not received Mylanta for a stomachache. (Doc. 1 at 5.) In determining whether a plaintiff has demonstrated imminent danger of serious physical injury, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "General allegations that are not grounded in specific facts which indicate that serious

physical injury is imminent are not sufficient to invoke the exception to § 1915(g).” *Niebla v. Walton Correctional Inst.*, No. 3:06cv275/LAC/EMT, 2006 WL 2051307, *2 (N.D. Fla. July 20, 2006).

Bourgeois’ vague and unexplained allegations of harassment do not invoke § 1915(g)’s imminent danger exception. Thus, he was required to pay the full filing fee when he initiated this action, but he did not do so. This warrants dismissal under § 1915(g). If Bourgeois wishes to pursue his claims, he must file a new complaint—under a new case number—and pay the full $405.00 filing fee.

Accordingly, it is **ORDERED:**

1. Plaintiff’s complaint (Doc. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).

2. The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, and close this file.

**ENTERED** in Fort Myers, Florida on September 10, 2026.

Kyle C. Dudek
United States District Judge